FIREMEN'S FUND INSURANCE COMPANY, Respondent, *v.* GEORGE B. HALL, Appellant.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Principal and agent — insurance — apparent authority of agent to receive premiums — when principal bound.**

The plaintiff issued to defendant a blanket policy of marine insurance under which certificates were issued covering various shipments. *Held*, that where in an action to recover unpaid premiums the proof established that during the entire course of dealings between plaintiff and defendant premiums were paid to a broker clothed with apparent authority to make collections on behalf of plaintiff and that the premiums sued for were paid by defendant to said broker, a judgment in favor of plaintiff will be reversed, with costs, and judgment directed in favor of defendant, with costs.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of plaintiff and against defendant for $418.19 damages and $37.52 interest besides costs.

*Esselstyn & Haughwout* (*Arthur G. H. Power*, of counsel), for appellant.

*Harrington, Bigham & Englar* (*William J. Rapp*, of counsel), for respondent.

GUY, J.    Action to recover unpaid insurance premiums of $418.19 on a blanket policy of marine insurance issued by plaintiff to defendant under which certificates were issued covering various shipments.

Defense general denial.

It was stipulated that a blanket policy of marine insurance was issued by plaintiff to defendant through one Stover as an insurance broker sometime prior to 1918; that certificates were issued thereunder by plaintiff covering various shipments made by defendant; that each certificate was delivered to the broker; that the broker later incorporated his business and still later consolidated it with another brokerage business which after some changes became Upton & Co., Inc.; that business was throughout conducted the same way; that the broker rendered all the bills for premiums to defendant; that defendant never received a bill direct from plaintiff until December 27, 1920 (after a new policy had been issued); that when the original policy was canceled about January, 1920, all premiums due thereunder had been paid by the brokers; that all bills rendered by plaintiff were sent to the brokers; that if any premium became delinquent the plaintiff sent a statement of such delinquent premium to the brokers; that it was the custom for the brokers to deduct their commissions when paying over to the plaintiff the premiums when collected; that this was done under the policies in question except as to the amount of the premium of $418.19 in suit; that the defendant paid upon the receipt of a bill therefor from Upton & Co., Inc., the $418.19 premium in question; and that thereafter Upton & Co., Inc., made a general assignment for the benefit of creditors without paying the premium in question to plaintiff.

It was stipulated that defendant would testify that prior to 1919 a man claiming to be a representative of plaintiff called and presented to defendant a bill for an alleged unpaid premium; that defendant informed plaintiff's representative that he had paid the premium to the broker, Stover, through whom the insurance had been placed, and that plaintiff's representative left and defendant never heard anything further about the matter.

Plaintiff's contention that the brokers were acting as the agent of the insured in connection with the payment of the premiums is not supported by the evidence. The proof establishes convincingly that during the entire course of dealings between plaintiff and defendant premiums were paid to a broker clothed with apparent authority to make collections on behalf of the plaintiff. The premiums sued for were paid by the defendant to said broker following the usual course of dealings between the parties.

The defense of payment having been fully established, judgment should have been rendered in favor of the defendant.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of the defendant, with costs.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed.